IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GIDDEON RABUT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-406 |
| | § | |
| KIRSTJEN NIELSEN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Giddeon Rabut, a citizen of Kenya who came to the United States on a nonimmigrant visa, sued Kirstjen Nielsen, the Secretary of the Department of Homeland Security, seeking mandamus relief to compel the Department to review the Form I-130 petition for an alien relative filed by Rabut's now-deceased wife, Tammy Tambakis, a United States citizen.

Rabut and Tambakis married in 2009. Tambakis filed the Form I-130 petition on Rabut's behalf in September 2011. Officers from the United States Citizenship and Immigration Services (USCIS) Houston field office interviewed Rabut and Tambakis in February 2012. In April 2012, while the petition was pending, Tambakis died in a car crash. The Form I-130 petition was converted to a widower self-petition. In September 2012, USCIS conducted a field investigation and visited Rabut's home. In June 2013, USCIS issued Rabut a notice of intent to deny the Form I-130 petition, asserting that his marriage to Tambakis had not been bona fide. In July 2013, Rabut responded with documents, and in March 2014, USCIS denied the petition. Rabut filed an administrative appeal to the Houston USCIS field office in October 2014. Two years later, long after the 45-day deadline in 8 C.F.R. § 1003.5(b), the USCIS Houston field office forwarded Rabut's

1

appeal to the Board of Immigration Appeals. In a February 14, 2017 decision, the Board remanded the case to the Houston field office and ordered "a comprehensive and specific evaluation of all the evidence of record." (Docket Entry No. 1, Ex. A). On remand, Rabut sent the USCIS Houston field office a letter and two email inquiries. Rabut alleges that the office did not respond, has not complied with the Board's February 14, 2017 decision, and has unreasonably delayed reviewing his petition.

Rabut filed this suit in February 2018 seeking mandamus relief in the form of an order that the USCIS Houston field office must: (1) comply with the Board of Immigration Appeals's decision; (2) "undertake a comprehensive and specific evaluation of all the evidence of record"; and (3) enter a new decision on his petition. (Docket Entry No. 1 at 10).

Secretary Nielson moved to dismiss, attaching an April 23, 2018 decision letter denying Rabut's petition. (Docket Entry No. 5, Ex. 1). The letter sets out, in detail, the evidence the Houston field office considered and the reasons for the denial. Secretary Nielsen argues that the case is moot because the Department has already reviewed and denied Rabut's petition.

Rabut acknowledges that USCIS denied his petition and does not oppose dismissal of the complaint. (Docket Entry No. 6). Rabut asks that the dismissal be without prejudice to allow him to seek mandamus if the Houston field office does not forward Rabut's appeal to the Board of Immigration Appeals within 45 days, as required by 8 C.F.R. § 1003.5(b).

The motion to dismiss, (Docket Entry No. 5), is granted, and the case is administratively

2

closed. The case is dismissed without prejudice to the parties' right to move for reinstatement within 60 days on a showing that relief is warranted.

SIGNED on May 17, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge